UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff/Respondent,<br><br>v.<br><br>JUAN GABRIEL MELGOZA-BELMONTE,<br><br>  Defendant/Petitioner. | Civil No. 09-CV-2458-JLS<br>Criminal No. 08-CR-3988-JLS<br><br>**ORDER DISMISSING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255** |

On November 2, 2009, Petitioner Juan Gabriel Melgoza-Belmonte filed a motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Respondent has filed a motion to dismiss and response in opposition to Petitioner's motion. Petitioner has not filed any reply or response to these documents, and the time for doing so has expired. The Court has reviewed the record, the submissions of the parties, and the supporting exhibits and, for the reasons set forth below, will dismiss Petitioner's motion.

## BACKGROUND

Petitioner Juan Gabriel Melgoza-Belmonte was charged in a single-count indictment with being a deported alien found in the United States in violation of 8 U.S.C. § 1326. On March 27, 2009, Petitioner entered a plea agreement and pled guilty to a superseding information alleging

one misdemeanor and two felony counts of illegal entry in violation of 8 U.S.C. § 1325.  In exchange for Petitioner's guilty plea, the Government agreed to dismiss the indictment charging Petitioner with the 8 U.S.C. § 1326 violation.  Under the terms of the plea agreement, Petitioner agreed to waive the right to appeal or to collaterally attack the plea, conviction, or sentence, unless the Court imposed a sentence above the greater of the high end of the guideline range recommended by the Government pursuant to the plea agreement.   The plea agreement provided that the parties would jointly recommend a sentence of 48 months' imprisonment.

Petitioner was sentenced immediately after the Court accepted his plea agreement.  The Court calculated the base offense level as a level 8, which was increased by 16 levels due to a previous deportation following a conviction for a crime of violence.  The Court departed 3 levels for acceptance of responsibility, resulting in a total offense level of 21.  The Court found that Petitioner's criminal history placed him in a Criminal History Category VI, with a resulting guideline range of 77 to 96 months' imprisonment.  However, because the charges were reduced to illegal entry violations under 8 U.S.C. § 1325, the applicable guideline sentencing range was capped at 54 months' custody.[1]  The Court followed the recommendations contained in the plea agreement and sentenced Petitioner to a total custodial term of 48 months' imprisonment.

## ANALYSIS

Petitioner contends that the sentence imposed by this Court is illegal because:  1) Petitioner was deprived of effective assistance of counsel; 2) the sentence was unreasonable pursuant to *United States v. Amezcua-Vazquez*, 567 F.3d 1050 (9th Cir. 2009); and 3) this court abused its discretion by failing to consider mitigating factors in imposing sentence.

Because Petitioner entered a plea agreement containing a waiver of the right to collaterally attack his sentence, the Court must initially determine whether the waiver is valid.  If it is, this Court lacks jurisdiction to consider Petitioner's collateral challenge to his sentence. *See Washington v. Lampert*, 422 F.3d. 864, 871 (9th Cir. 2005) (recognizing that if sentencing agreement's waiver of the right to file a federal habeas petition under 28 U.S.C. § 2254 was

---

[1] The misdemeanor count carried a statutory maximum of 6 months' imprisonment; the two felony counts each carried a 24-month statutory maximum term.

valid, district court lacked jurisdiction to hear the case). The sole test of a waiver's validity is whether it was made knowingly and voluntarily. *United States v. Anglin*, 215 F.3d 1064, 1068 (9th Cir. 2000).

The Court has independently reviewed the record, which reveals that the plea agreement, including the waiver of the right to appeal and collateral attack, was entered knowingly and voluntarily. It is undisputed that the plea agreement contains a waiver of collateral attack. Plea Agreement, Doc. No. 29, at 10. The plea agreement also contains a provision certifying that Petitioner read the agreement, discussed it with his attorney, and fully understood its meaning and effect. *Id.* at 11-12. The plea agreement is initialed on each page and signed by Petitioner and, immediately above his signature, contains language confirming Petitioner's agreement with the "foregoing provisions." *Id.* at 12. During the plea colloquy, Petitioner confirmed that he had discussed every provision of the plea agreement with his lawyer, that he had no questions of his attorney or the Court, and that he was entering the agreement of his own free will. Resp't Mot. to Dismiss, Ex. 8. Petitioner was advised of the waiver of appeal and collateral attack contained in the agreement, and indicated his understanding. *Id.* Petitioner also acknowledged his satisfaction with the assistance of his counsel, both in the plea agreement and in open court.

Although Petitioner now contends that he was deprived of effective assistance of counsel, these allegations are flatly contradicted by the record, particularly with respect to those allegations which could conceivably have impacted Petitioner's decision to plead guilty and enter the plea agreement. In this regard, Petitioner contends that his attorney misadvised him because Petitioner believed that he would only receive 24 months' imprisonment and that his attorney failed to advise him of the collateral immigration consequences of his conviction.[2] However, the plea agreement plainly sets forth the joint recommendation for 48 months' imprisonment and the maximum penalty of 54 months' imprisonment. In addition, prior to entering his pleas, Petitioner was advised by the Court of the maximum penalty for each count

---

[2] Petitioner also contends that his attorney failed to properly investigate the case. However, Petitioner makes no showing regarding what information any additional investigation would have revealed. Thus, Petitioner fails to make even a minimal showing that he was prejudiced by any alleged failure to investigate his case.

and indicated that he understood the maximum penalties under the plea agreement. The plea agreement also plainly sets forth a stipulated removal provision providing that "Defendant agrees to an order of removal from the United States entered by the Executive Office for Immigration Review or authorized Department of Homeland Security official." *Id.* at 10.

Based upon this record, the Court finds Petitioner's claims of ineffective assistance of counsel to be baseless. The Court finds that Petitioner knowingly and voluntarily entered the plea agreement, and thus has waived his right to collaterally attack his conviction.

## CONCLUSION

Having carefully considered Petitioner's claims in view of the case files and records, the Court finds the record sufficiently developed to conclusively show that Petitioner is entitled to no relief. The Court finds that Petitioner has waived his right to collaterally challenge his conviction and sentence in this matter. Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED**.

**IT IS SO ORDERED**.

DATED: April 13, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge